UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID BENGOA and JOSE COLULA, on behalf of : Case No. 13-CV-788
themselves and others similarly situated, : (JMA)
 :
                           Plaintiffs, :
 :
  -against- :
 :
M&F RESTAURANT CORPORATION d/b/a SPOLINI'S :
ITALIAN RESTAURANT, and SERGIO LAZZINARO, :
 :
                           Defendants. :
------------------------------------------------------------X

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF ALL CLAIMS

This is a Confidential Settlement Agreement and General Release ("Agreement"), entered into by and between David Bengoa (hereinafter referred to as "Settling Plaintiff" or "Releasor"), and M&F Restaurant Corporation d/b/a Spolini's Italian Restaurant, and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Sergio Lazzinaro, individually (hereinafter collectively referred to as the "Defendants" or "Releasees").

WHEREAS, on February 12, 2013, Settling Plaintiff filed suit for damages titled *David Bengoa and Jose Colula, on behalf of themselves and others similarly situated v. M&F Restaurant Corporation d/b/a Spolini's Italian Restaurant, and Sergio Lazzinaro,* in the United States District Court for the Eastern District of New York, Civil Action No. 13-CV-788 (JMA) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, Plaintiff Colula's claims are not part of this Agreement because the Defendants have entered into a separate agreement with him; and,

WHEREAS, Settling Plaintiff and the Defendants now desire to settle the claims and to resolve fully all matters of dispute or potential dispute between them, including but not limited to Settling Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Settling Plaintiff and the Defendants hereby agree as follows:

### A. Settlement Payment

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Settling Plaintiff the total settlement amount of Ten Thousand Dollars ($10,000.00), which sum represents unpaid wages, liquidated damages, and attorneys' fees, and shall be paid as follows:

| December 1, 2014 | $1,666.66 |
| --- | --- |
| January 1, 2015 | $1,666.66 |
| February 1, 2015 | $1,666.66 |
| March 1, 2015 | $1,666.66 |
| April 1, 2015 | $1,666.66 |
| May 1, 2015 | $1,666.70 |

2. The settlement payments described in Paragraph A(1) shall be paid to Settling Plaintiff in exchange for Settling Plaintiff's release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the parties, including but not limited to those arising from, involving or relating to Settling Plaintiff's claims

in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payment set forth in Paragraph A(1) shall be sent via U.S. Mail to counsel for Settling Plaintiff, Magdalena Barbosa at Make the Road New York, 9210 Roosevelt Avenue, Jackson Heights, New York 11372, so as to be received no later than the dates indicated above.

### B. Court Approval of the Settlement

1. Upon execution of this Agreement, the parties shall jointly submit this Agreement to the Court for judicial review and approval.

2. If any payment becomes due prior to the Court approving this Agreement, the Defendants shall make all settlement installment payments as they become due, but Defendants' attorney shall hold the payments in escrow pending judicial approval. Upon the Court's approval of the settlement terms, all settlement installment payments made up to that point shall immediately be released from escrow and the Defendants' attorney shall distribute the funds in accordance with Paragraph A(1).

### C. Penalty For Late Payment

In the event that the Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement or any of those payments are made by checks without sufficient funds, Settling Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514, Facsimile (516) 747-9100, Email agraff@scherlawfirm.com. The Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default or to issue a new check with sufficient funds. If the default or the issuance of a check with insufficient funds is not cured within such time, the

entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, with interest to commence as of that date at a rate of 9% per annum on the outstanding amount to paid under this Agreement. Settling Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### D.     Waiver/General Release

1.      Settling Plaintiff, on behalf of himself, his spouse, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquishes, waives, and releases the Defendants, their parent companies and any of their subsidiaries, divisions, related companies, and their predecessors, successors, assigns, current or former employees, attorneys, agents, shareholders, officers, directors and representatives from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown by Settling Plaintiff, which may have arisen from the beginning of time through the date of his signature on this Agreement. "All possible claims" includes those arising from, involving or relating to Settling Plaintiff's claims in the federal Complaint, including but not limited to any and all claims for damages of whatever kind or nature whatsoever, injunctive relief, attorneys' fees, expenses and costs. "All possible claims" also includes, but is not limited to, any claims arising under the Civil Rights Acts of 1866, 1964, 1971, and 1991, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act, the federal Equal Pay Act, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the National Labor

Relations Act, the New York State Human Rights Law, the New York State Whistleblower Law, the New York State Labor Law, the New York Minimum Wage Order for the Restaurant Industry (Part 137 of Title 12 of Official Compilation of Codes, Rules and Regulations), the New York Wage Payment Laws, as well as any and all claims from wrongful or constructive discharge, breach of contract, infliction of emotional distress, false imprisonment, libel, slander, or any other tort, common law or contract claim or claim in equity, including but not limited to claims for attorneys' fees, costs and expenses.

2. This release shall not affect or limit: (a) any claims that may arise after the date Settling Plaintiff signs this Agreement; or (b) Settling Plaintiff's right to enforce the terms of this Agreement.

### E. Agreement To Refrain From Filing Claims

Settling Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint dismissed and released herewith. Settling Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

### F. Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, Settling Plaintiff and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.

### G. Confidentiality/Non-Disclosure

1. Except as may be necessary for enforcement purposes, the terms and conditions of this Agreement shall remain strictly confidential. Settling Plaintiff hereby agrees and represents that he shall not disclose the terms and conditions of this Agreement, particularly the settlement amount, to any other person including, without limitation, any future, current, or former employee of, or applicant for employment with, the Defendants, but excluding the Settling Plaintiff's immediate family, attorneys, or tax advisors to the extent necessary to perform their responsibilities, or as may be required by law. This provision does not preclude Settling Plaintiff's ability to communicate that he had a dispute with Defendants concerning his employment, which was resolved amicably to the satisfaction of both parties.

2. It is expressly agreed and understood that any alleged breach of this confidentiality provision, if asserted by the Defendants, is not a basis to, and the Defendants shall not, withhold or refuse to make payment of any portion of the settlement payment herein. Defendants may request an immediate hearing on the issue, and while the issue of any alleged breach is being litigated, the Defendants agree that the settlement funds shall be placed in an escrow account maintained by Defendants' attorneys as the installments become due and such funds shall remain in that escrow account until such time as the dispute over the alleged breach is resolved. Furthermore, the prevailing party in any such proceeding shall be entitled to reasonable attorneys' fees and costs.

3. If the Defendants allege a breach of this confidentiality provision they may also seek injunctive relief, compensatory, punitive, or any other damages afforded in accordance with the law.

## H. Non-Disparage/No Rehire

1. Settling Plaintiff agrees that he will not seek or accept re-employment or work as an employee, independent contractor or temporary worker with the Defendants, or any parent, subsidiary or corporation affiliated with the Defendants in the future and that the Defendants are entitled to reject without cause any such application for employment made by Settling Plaintiff.

2. Settling Plaintiff agrees that he will not make any negative statement (oral, written or otherwise) about the Defendants, or otherwise disparage the Defendants, nor will he encourage others to do so.

3. Similarly, the Defendants agree not to make any statements, (oral, written or otherwise), or cause or encourage others to make any statements (oral, written or otherwise), that defame, disparage, demean, or in any way criticize the personal or business reputation of Settling Plaintiff. The parties acknowledge that this prohibition extends to statements (oral, written or otherwise), made to anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present or future), employers (past, present or future), and clients.

## I. Representations and Acknowledgements

1. Settling Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorney and the attorneys for the Defendants. Settling Plaintiff further represents that:

> (a) He has reviewed each and every provision of this Agreement or he has had each and every provision of this agreement read to him in his native language;

    (b) The Agreement has been explained to him by his attorney;

    (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

    (d) He does in fact fully understand this Agreement, including the release of claims.

  2. Settling Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

  3. Settling Plaintiff further represents that neither the Defendants nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

### J. Non-Admissions

  1. Settling Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Settling Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Settling Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Settling Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

  2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations,

transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Settling Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Settling Plaintiff has suffered any damage. Additionally, Settling Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

K.  **Attorneys' Fees and Costs**

Except as set forth in paragraph A(1) above, Settling Plaintiff and Defendants are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

L.  **Complete Agreement**

1.  This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

2.  This Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between Settling Plaintiff and the Defendants. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Settling Plaintiff and the District specifically referring to this Agreement and the modification or amending of it.

**M.    Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, in whole or in part, and cannot be modified to be enforceable, excluding the general release language, such provision or portion thereof shall be deemed severable from the remainder of this Agreement and the accompanying General Release and shall in no way affect, impair or invalidate any other provision contained therein, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

10

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
David Bengoa

STATE OF NEW YORK )
                               )ss.:
COUNTY OF Queens )

On the 1 day of ~~October~~ November 2013, before me personally came David Bengoa to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Magdalena Barbosa
Notary Public - State of New York
No. 02BA6251040
Qualified in New York County
My Commission Expires November 14, 2015

11

By: _____
Sergio Lazzinaro

STATE OF NEW YORK )
                  )ss.:
COUNTY OF Nassau  )

On the 11th day of ~~October~~ November 2013, before me personally came Sergio Lazzinaro to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

AUSTIN GRAFF
Notary Public, State Of New York
No. 02GR6037404.
Qualified in Nassau County
Commission Expires December 10, 20 13

M&F Restaurant Corporation

By: _____

SERGIO LAZZINARO   President
[Print Name and Title]

12